GRABER, Circuit Judge,
dissenting:
The only issue before us is whether sufficient evidence supported Robert Alan Wilson’s conviction for resisting an executive officer, including whether the officer was performing a lawful duty when he detained Wilson. Because sufficient evidence supported Wilson’s conviction, I respectfully dissent.
*748 The California Court of Appeal’s statement of facts, which is not challenged for accuracy, set forth that Wilson was seated on the stairs of a commercial building, closed for the evening, in an area that had been vandalized and used by transients for urination and defecation. Detective Roy Ellison and his partner, both dressed in gang unit uniforms, asked Wilson about his well-being and asked whether he knew that he was in a closed commercial area. Wilson responded angrily by cursing at the officers. Ellison detected the smell of alcohol coming from Wilson and noticed an open container sitting next to him on the stair. Ellison, suspecting that Wilson might be too intoxicated for his own safety and that of others, asked Wilson for identification and then asked him to come down the stairs. Wilson again cursed angrily and continued to refuse in the same vulgar way when Ellison repeated his request. Fearing that Wilson’s anger was escalating, Ellison became concerned for the officers’ safety because Wilson was seated about 10 feet above them on the staircase. He climbed up next to Wilson, placed one hand on his shoulder, and grasped Wilson’s wrist with his other hand. As Ellison attempted to stand Wilson up, Wilson strained against Ellison’s move, and both men fell down the stairs. At the base, Wilson regained his footing first and began flailing wildly about, landing a punch to Ellison’s nose, sending blood in all directions. Both men landed on the ground, and Ellison managed to gain the upper position, which allowed his partner to subdue Wilson by using pepper spray.
When reviewing the sufficiency of the evidence, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The unchallenged facts here gave rise to a reasonable suspicion that Wilson was committing the offense of public drunkenness as a danger to himself or others at the time that the detention began. Thus, the California Court of Appeal did not unreasonably apply precedent in holding that Ellison reasonably suspected that Wilson posed a danger to himself or others on account of public drunkenness.